STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

June 6, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**UNITED PARCEL SERVICE, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 12-1524** (BOR Appeal No. 2047175)
                        (Claim No. 2011036382)

**EDWARD LEE MATHENEY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner United Parcel Service, Inc., by Jeffrey B. Brannon, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated October 22, 2012, in which the Board affirmed a May 3, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 24, 2011, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Matheney, a package handler, alleges he sustained injuries to his neck, back, and right arm in the course of his employment as the result of lifting, bending, and pivoting for several hours on April 7, 2011. Mr. Matheney testified in a deposition on February 20, 2012, that he did not immediately seek medical treatment because he wanted to wait to see if the injury healed on its own. He also testified that he reported the injury to his supervisor the night it occurred. Mr. Matheney sought medical treatment for the first time on May 3, 2011. A Charleston Area Medical Center emergency room treatment note indicates he reported cervical and thoracic pain. He stated that he was unable to recall a specific event of injury, and he was not asking for workers' compensation at that time. He was diagnosed with acute cervical and

thoracic strain and filed a report of occupational injury that day. The claims administrator rejected the claim on May 24, 2011.

The Office of Judges reversed the claims administrator's decision and held the claim compensable on May 3, 2012. It found that United Parcel Service, Inc., asserts that other than Mr. Matheney's testimony, there is no evidence showing that he sustained an injury in the course of his employment. The claims administrator denied the claim because the emergency room report indicated Mr. Matheney could not recall a specific injurious event. The Office of Judges found that the mere fact that he did not suffer a single isolated injury does not mean that he did not sustain a compensable injury. It determined that claimants who are injured gradually by reason of their job are still entitled to workers' compensation benefits. *Lilly v. State Workmen's Comp. Comm'r*, 159 W.Va. 613, 225 S.E.2d 214 (1976). A review of the evidentiary record indicated to the Office of Judges that Mr. Matheney is alleging an injury that occurred gradually due to several hours of lifting, bending, and pivoting.

The Office of Judges determined that Mr. Matheney has consistently maintained that he injured his back in the course of his employment. An emergency room questionnaire completed on May 3, 2011, indicates Mr. Matheney pulled muscles in his back three to four weeks prior. A May 9, 2011, Charleston Area Medical Center physical therapy report shows Mr. Matheney's symptoms began at work. A June 27, 2011, treatment note by Frederick Armbrust, M.D., indicates Mr. Matheney injured his back in the course of his employment. Mr. Matheney also testified that he notified his supervisor on April 7, 2011, that he thought he pulled a muscle in his back that night. The Office of Judges found no evidence to indicate that he did not report the injury to his supervisor. The Office of Judges noted that Mr. Matheney testified that he was not asking for workers' compensation when he first sought medical treatment because he believed that he would not qualify since his employer was self-insured. This testimony was determined to be supported by the emergency room questionnaire which indicated the injury occurred at work.

Lastly, United Parcel Service, Inc., asserted that Mr. Matheney's back problems are the result of pre-existing conditions and injuries. The Office of Judges did find a history of neck and back problems prior to the compensable injury; however, it held that prior injuries and problems do not mean Mr. Matheney did not sustain a work-related injury as well. The record indicates his prior problems resolved by the alleged date of injury. The Office of Judges ultimately held that Mr. Matheney sustained a compensable work-related injury on April 7, 2011.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its October 22, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record indicates that Mr. Matheney sustained a compensable injury in the course of his employment on April 7, 2011.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 6, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin